**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

FREDERICK PENNINGTON
ADC #71305                                                                                         PLAINTIFF

V.                                          NO: 5:09CV00205 JMM/HDY

ROBERT SMILEY *et al.*                                                                       DEFENDANTS

<u>**ORDER**</u>

Plaintiff, an inmate at the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"), has filed a *pro se*[1] complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, along with a motion for leave to proceed *in forma pauperis* (docket entry #1).

Because Plaintiff's complaint must be dismissed, without prejudice, pursuant to the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), Plaintiff's pending motion for leave to proceed *in forma pauperis* will be denied.

Under the three-strikes provision of the PLRA, the Court must dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

---

[1]Plaintiff is notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Plaintiff has had more than thee prior cases dismissed for failure to state a claim upon which relief may be granted,[2] and at least one dismissed as frivolous.[3] Thus, Plaintiff has accumulated more than the three "strikes" allowed by 28 U.S.C. § 1915(g).

The Court additionally finds, based on the allegations contained in Plaintiff's present complaint, that he is not in imminent danger of serious physical injury. Specifically, Plaintiff alleges that he has had pain in his left knee and leg for more than two years, and believes he may need some type of surgery to save his leg. Although Plaintiff says he has been seen by physicians at two units for the problem, he claims the care he has received is inadequate. Such claims do not describe imminent danger of serious physical injury.

IT IS THEREFORE ORDERED THAT:

1.      Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the entry date of this order, along with

---

[2]*See Pennington v. State of Arkansas et al*, 5:93CV00145 (filed February 16, 1993); *Pennington v. Cauley et al*, 4:97CV00935 (filed November 6, 1997); *Pennington v. Brownlee et al*, 5:99CV00184 (filed May 5, 1999), *Pennington v. Pryor et al*, 4:00CV00748 (filed October 13, 2000), *Pennington v. Harmon et al*, 5:01CV00034 (filed January 31, 2001).

[3]*See Pennington et al. v. Arkansas Department of Correction et al*, 5:91CV00455 (filed September 4, 1991).

a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

    2.      All pending motions are DENIED.

    3.      The Court additionally certifies that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

IT IS SO ORDERED this 24th day of July, 2009.


_____
UNITED STATES DISTRICT JUDGE